IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01486-KLM

TERRENCE LEE TINNIN,

    Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, and
CENTRAL INTELLIGENCE AGENCY,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)** [#34][1] (the "Motion").[2] Plaintiff, who proceeds pro se,[3] filed a Response [#37], Defendants filed a Reply [#39], and Plaintiff filed a Surreply [#43]. The Court has reviewed the Motion [#34], the Response [#37], the Reply [#39], the Surreply [#43], the entire case record, the applicable law, and is fully advised in the premises. For the reasons set forth below, the Motion [#34] is **GRANTED**.

---

[1] "[#34]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. See [#38, #40, #42].

[3] The Court must construe the filings of a pro se litigant liberally. See *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1174 (10th Cir. 1997) (citing *Hall*, F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## I.  Background

Plaintiff filed this lawsuit on May 26, 2020.  *Compl.* [#1] at 1.  Plaintiff's Amended Complaint [#31] is not a model of clarity, but he appears to assert numerous claims, including violations of his Fifth and Fourteenth Amendment rights against the Federal Bureau of Investigation ("FBI") and the Central Intelligence Agency ("CIA").  *Am. Compl.* [#31] at 4, 10-13, 15.  He claims that on a number of occasions, he became temporarily unconscious in his home due to personal injury or "knockout gas," and that one of these occasions caused Plaintiff to suffer left-sided facial paralysis.  *Id.* at 7, 8.  He also claims that he was tortured for eight-and-a-half days with an anal pinching device that was "radio controlled by a team of CIA personnel."  *Id.* at 5, 7.

Plaintiff seeks "$200,000 from each of the FBI and CIA, for a total of $400,000 in damages" for destruction of life and loss of the pursuit of happiness purportedly caused by the acts of Defendants.  *Id.* at 4,13.  Plaintiff also asks the Court for injunctive relief, i.e., to force Defendants to cease and desist from working in tandem to destroy lives.  *Id.* at 4.  In response to the Amended Complaint [#31], Defendants filed the present Motion [#34], seeking dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## II.  Legal Standard

A motion to dismiss under Rule 12(b)(1) tests whether the Court possesses subject matter jurisdiction to properly hear a case.  Fed. R. Civ. P. 12(b)(1).  As "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise jurisdiction.  Fed. R. Civ. P. 12(b)(1); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir.

2002). For the same reason, statutes conferring subject matter jurisdiction on federal courts require strict construction. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss under Rule 12(b)(1) may take two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack asserts that the complaint's allegations do not suffice to invoke federal subject matter jurisdiction, while a factual attack disputes the truth of the allegations supporting subject matter jurisdiction. *Id.* When reviewing a facial attack, the Court limits its consideration to the complaint, accepting its allegations as true. *Id.*

### III. Analysis

Plaintiff asserts that the Tucker Act provides district courts with jurisdiction over the claims made against Defendants. *Am. Compl.* [#31] at 3 (relying on "2.4(c) Tucker Act. To waive sovereign immunity."). Defendants argue that the Court lacks subject matter jurisdiction over this action because, under the Tucker Act, "the Court of Federal Claims has exclusive jurisdiction over claims exceeding $10,000." *Motion* [#34] at 6. Plaintiff prefers to litigate in this Court rather than the Court of Federal Claims. *Am. Compl.* [#31] at 1; *Surreply* [#43] at 1.

Because Plaintiff is suing agencies of the United States, Plaintiff's claims raise issues of sovereign immunity. "[S]overeign immunity shields the [federal] government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Indeed, "[s]overeign immunity is jurisdictional in nature." *Id.* Thus, unless the Government waives

its immunity by consenting to be sued, courts lack subject matter jurisdiction to adjudicate claims asserted against the Government. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The waiver of sovereign immunity cannot be implied, but rather must be unequivocally expressed. *Id.* at 219.

Defendants argue that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction because the primary objective of Plaintiff's Amended Complaint [#31] is to recover monetary relief over $10,000. *Motion* [#34] at 7 n.2. "The Tucker Act, 28 U.S.C. §§ 1356, 1491, 'vests exclusive jurisdiction' with the Court of Federal Claims for claims against the United States founded upon the Constitution, Acts of Congress, executive regulations, or contracts and seeking amounts greater than $10,000." *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997) (quoting *New Mexico v. Regan*, 745 F.2d 1318, 1322 (10th Cir. 1984)); *see also Se. Kan. Cmty. Action Program, Inc. v. Sec'y of Agric.*, 967 F.2d 1452, 1455 (10th Cir. 1992); *Hamilton Stores, Inc. v. Hodel*, 925 F.2d 1272, 1277 (10th Cir. 1991). The Court therefore looks to Plaintiff's Amended Complaint [#31] to determine whether the relief he seeks is an effort to obtain monetary damages from the United States and, if so, whether that amount is greater than $10,000. *Francis E. Heydt Co. v. United States*, 948 F.2d 672, 675-676 (10th Cir. 1991). Here, Plaintiff explicitly seeks $400,000 in monetary compensation. *See Am. Compl.* [#31] at 4. Thus, given Plaintiff's decision to seek monetary relief of more than $10,000, the Court finds that the United States has not waived its sovereign immunity in this Court, and therefore this Court does not have subject matter jurisdiction.

This conclusion is not altered by the fact that Plaintiff also seeks injunctive relief. "Tenth Circuit law is clear that Court of Federal Claims' exclusive jurisdiction may not be avoided by 'framing a complaint in the district court as one seeking injunctive, declaratory, or mandatory relief when, in reality, the thrust of the suit is one seeking money from the United States.'" *Burkins*, 112 F.3d at 449 (quoting *Regan*, 745 F.2d at 1322). In other words, the Federal Claims Court does not lose jurisdiction when equitable relief is requested in conjunction with claims for monetary relief against the United States. *Regan*, 745 F.2d at 1323. The district court should not assume jurisdiction over what is fundamentally a Tucker Act claim simply because a complaint contains requests for equitable relief. *Id.* Thus, the fact that Plaintiff also seeks non-monetary relief in his Amended Complaint [#31] does not impact the Court's finding that it lacks subject matter jurisdiction over this action.[4]

Pursuant to 28 U.S.C. § 1631, to the extent that the Court finds it is without jurisdiction over Plaintiff's claims, the Court shall, if it is in the interest of justice, transfer the action to any such court in which the action could have been filed. "A Court may *sua sponte* cure jurisdictional . . . defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). The Tenth Circuit "interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Id.* Factors favoring transfer over dismissal include the following: (1) "that the new action would be time

---

[4] Because the Court finds that it lacks subject matter jurisdiction, it need not address Defendants' other arguments for dismissal under Fed. R. Civ. P. 12(b)(6). *See United States v. Miller*, 111 F.3d 747, 748 (10th Cir. 1997).

barred;" (2) that the claims are "likely to have merit;" and (3) that "the original action was filed in good faith rather than filed after [the] plaintiff either realized or should have realized that the forum" he filed in was improper. *Id.* at 1223 n.16 (citations omitted).

The Court first considers whether Plaintiff's re-filing of this case would be barred by the statute of limitations. Actions brought pursuant to 42 U.S.C. § 1983 are subject to the general personal injury limitations period of the forum state. *Nicholas v. Boyd*, 317 F. App'x 773, 777 (10th Cir. 2009). To this end, "the forum state's personal injury statute of limitations should be applied to all § 1983 claims." *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). Here, because the forum state is Colorado and most of the conduct at issue allegedly occurred in Colorado, Colorado law applies. *See generally Montana v. Hargett*, No. 07-cv-00545-CMA-KLM, 2008 WL 4964717, at *3 (D. Colo. Nov. 17, 2008) (holding that "[b]ecause the incident alleged in Plaintiff's complaint occurred in Colorado, the Colorado statute of limitations applies"). In Colorado, the limitation on a personal injury claim brought pursuant to § 1983 is two years. *See* Colo. Rev. Stat. § 13–80–102(1)(g), (i) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statue" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *Blake*, 997 F.2d at 750-751 (applying Colo. Rev. Stat. § 13–80–102 to a § 1983 claim).

By contrast, federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Specifically, claims brought pursuant to § 1983 "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (quoting *Johnson v. Johnson Cnty. Comm'n Bd.*,

F.2d 1299, 1301 (10th Cir. 1991)).  A plaintiff may have knowledge of an injury even if he is unaware of all the evidence ultimately relied on for his cause of action.  *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993).

Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to plaintiff to establish a later accrual date or to show that there is a basis to toll the accrual date.  *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).  Plaintiff's Amended Complaint [#31] alleges that Defendants engaged in "40 more years of Persecution for political activeness" and violated Plaintiff's Fifth Amendment rights in the summer or fall of 1988 and on many dates thereafter up to 2017, when Plaintiff alleges that Defendants violated his Fifth Amendment rights by "[a]ttempt[ing] to break [his] L-ribs" on July 27, 2017.  *Am. Compl.* [#31] at 1, 10-11.  It is apparent that Plaintiff has been aware of many of the alleged violations by Defendants cited in the Amended Complaint [#31] since 1988.  The allegations regarding an "[a]ttempt to break L-ribs" still occurred more than two years before Plaintiff's May 26, 2020 filing of this lawsuit.  In fact, there are no specific allegations in the Amended Complaint [#31] relating to any events underlying this suit occurring within the statute of limitations except for Plaintiff seeing a news story on November 25, 2018, about a particular medical device.  *Am. Compl.* [#31] at 5.  Thus, it appears that most, if not all, of Plaintiff's claims are barred by Colorado's two-year statute of limitations.[5]  In addition, there are no obvious allegations which might show that Plaintiff's claims are subject to equitable tolling or estoppel or the continuing violation doctrine.  Accordingly, this factor weighs against transfer of the case to the Court of Federal Claims.

---

[5]  The Court emphasizes that it does not make any final finding on this point for purposes of res judicata, but merely notes for the factor-weighing test that Plaintiff's claims appear to be time-barred.

The second factor the Court should consider in determining whether to transfer or dismiss the case is whether Plaintiff's claims are likely to have merit. Here, the Court takes "a [quick look] at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Hough v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (internal question marks omitted). The Court reviewed the Amended Complaint [#31] and finds that it does not comply with Fed. R. Civ. P. 8(a) which requires a "short and plain statement of the claim." The Court finds that the Amended Complaint [#31] lacks "simplicity, conciseness, and clarity" and is unclear and riddled with irrelevant details and opinions. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). It is made "unintelligible 'by scattering and concealing in a morass or irrelevancies the few allegations that matter.'" *Id.* (quoting *United States ex rel. Karst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). This, in addition to the statute of limitations issue, means that Plaintiff's Amended Complaint [#31] is likely to be dismissed on the merits. Therefore, the Court finds that this factor weighs against transfer of the case to the Court of Federal Claims.

The final factor in determining whether to transfer or dismiss the case is whether Plaintiff filed the action in the wrong venue in good faith or, instead, Plaintiff "either realized or should have realized that the forum in which [he] filed was improper." *Trujillo*, 465 F.3d at 1223 n.16. Here, there are no specific facts suggesting that his filing was not made in good faith. Thus, this factor weighs in favor of transfer of the case to the Court of Federal Claims.

"Whether to transfer an action or instead dismiss an action without prejudice is a decision committed to the discretion of the district court." *Murray v. Jewell Cty., Kan.*, No.

11-cv-00596-DME-KMT, 2011 WL 2601528, at *3 (D. Colo. June 30, 2011) (citing *Trujillo*, 465 F.3d at 1222-1223).  The dispositive question is whether a transfer is in the interest of justice.  *Cohen v. Waxman*, No. 08-02188, 2009 WL 3390487, at *6 (D. Colo. Oct. 21, 2009).  Weighing the relevant factors, and noting the fact that Plaintiff does not request a transfer, the Court find that transfer of this case would not be in the interest of justice.  Thus, the Court dismisses this action without prejudice. *See Amalgamated Sugar Co. v. Bergland*, 884, F.2d 818, 824 (10th Cir. 1981) (remanding with directions to dismiss a case where the district court lacked subject matter jurisdiction under the Tucker Act); *DeRito v. United States*, 445 F. Supp. 3d 1258, 1269 (D. Colo. 2020) (dismissing the plaintiff's claim "in the interest of judicial economy" rather than transferring it to the Court of Federal Claims because the claim was unlikely to have merit).

## IV. Conclusion

Accordingly, for the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#34] is **GRANTED**.

IT IS FURTHER **ORDERED** that this case is therefore **DISMISSED without prejudice** under Fed. R. Civ. P. 12(b)(1).  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

IT IS FURTHER **ORDERED** that the Clerk of Court shall **CLOSE** this case.

Dated:  October 25, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge